# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **BRIAN KELLEY,** | ) | |
| **ID # 49124-177,** | ) | |
| **Movant,** | ) | |
| | ) | **No. 3:18-CV-97-D-BH** |
| **vs.** | ) | **No. 3:14-CR-359-D(1)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge[1]** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the movant's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on January 16, 2018 (doc. 1). Based on the relevant findings and applicable law, the motion should be **DENIED** with prejudice.

## I.      BACKGROUND

Brian Kelley (Movant) challenges his federal conviction and sentence in Cause No. 3:14-CR-359-D-1. The respondent is the United States of America (Government).

### A.      Conviction and Sentencing

By letter dated July 1, 2014, Movant was informed that he was the target of a federal grand jury investigation concerning production, receipt, and possession of child pornography, in violation of 18 U.S.C. § 2252 and §2252A. (*See* doc. 1.)[2] He was charged by felony information with receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2) on September 15, 2014. (*See* doc. 5.) A superseding information filed on December 18, 2014, charged him with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count One). (*See* doc. 13.) He

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:14-CR-359-D(1).

pled guilty to Count One on January 23, 2015, under a plea agreement.  (*See* doc. 19.)

In his plea agreement, Movant stated that he understood and waived his rights to a grand jury indictment, to plead not guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses, to call witnesses, and to not be compelled to incriminate himself.  (*See* doc. 15 at 1.)[3]  The plea agreement set out the range of punishment and stated that Movant had reviewed the federal sentencing guidelines with counsel, that he understood his sentence would be imposed by the Court after consideration of the sentencing guidelines, which were advisory and not binding, and that no one could predict with certainty the outcome of the court's consideration of the guidelines.  (*See id.* at 2.)  He understood that the court had sole discretion to impose the sentence.  (*See id.*)  He had reviewed all legal and factual aspects of the case with counsel and believed that it was in his best interest to plead guilty. (*See id.* at 6.)  The guilty plea was freely and voluntarily made and was not the result of force or threats, or of promises apart from those included in the plea agreement.  (*See id.* at 5.)  He waived his right to appeal and to contest his conviction and sentence in a collateral proceeding, except that he reserved the right to bring (a) a direct appeal of a sentence exceeding the maximum statutory punishment or an arithmetic error at sentencing, and (b) a claim of ineffective assistance of counsel.  (*See id.*)  In exchange, the Government agreed not to bring any additional charges against him based on the conduct underlying and related to his guilty plea.  (*See id.* at 4.)

Movant also agreed in his plea agreement that a factual resume he signed was true and correct and would be submitted as evidence.  (*See id.* at 1.)  In the factual resume, he agreed that he knowingly possessed a thumbdrive containing images of child pornography that was shipped and transported to Texas, and that he knew that it contained pornographic images of a teenager

---

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

under the age of 18.  (*See* doc. 14 at 6-7.)  He understood that the district court was not limited to considering only those stipulated facts, but could also consider facts to which he did not stipulate. (*See id.* at 6 n.4.)

At his rearraignment on January 23, 2015, Movant acknowledged under oath that he had read the factual resume carefully and discussed it with counsel, that he had committed each of the essential elements of the offense, and that the stipulated facts were true and correct.  (*See* doc. 53 at 19-22.)  He also acknowledged that he understood the rights he was giving up by pleading guilty, and that he was waiving his right to appeal except in very limited circumstances.  (*See id.* at 18.) He affirmed that he had discussed with his attorney how the sentencing guidelines worked; he understood that the guidelines were advisory and that his counsel's professional opinion concerning what he thought the guideline range might be in Movant's case was not a guarantee or promise.  (*See id* at 16-17.)  He acknowledged that no one had made any specific prediction or promise about what his sentence would be, and that the Court alone would decide his sentence. (*See id.* at 15-16.)  He acknowledged that by pleading guilty, he was subjecting himself to a maximum period of imprisonment of 10 years and a term of supervised release of at least five years and up to the duration of his natural life.  (*See id.* at 14-15.)  He pled guilty, and the Court found that his guilty plea was knowing and voluntary.  (*See id.* at 19, 23.)

On March 27, 2015, the United States Probation Office (USPO) prepared a Presentence Investigation Report (PSR) in which it applied the 2014 United States Sentencing Guidelines Manual.  (*See* doc. 27-1 at 8, ¶ 25.)  After applying U.S.S.G. § 2G2.2, the applicable guideline for 18 U.S.C. § 2252A(a)(5)(B) offenses, it calculated a base offense level of 18.  (*See id.* at ¶ 26.) Based on the specific offense characteristics, 10 levels were added under U.S.S.G. §§ 2G2.2(b)(5), (b)(6), and (b)(7)(B).  (*See id.* at ¶¶ 27-29.)  Three levels were deducted for acceptance of

responsibility, resulting in a total offense level of 25.  (*See id.* at ¶¶ 35-37.)  Based on a criminal history category of one and an offense level of 25, the resulting guideline range was 57-71 months' imprisonment.  (*See id.* at ¶ 74.)

On April 9, 2015, the USPO submitted an addendum to the PSR in which it corrected the offense level computation based on supplemental information, i.e., that during an interview with a case agent, the minor victim had confirmed that she produced the pictures and videos contained on Movant's thumbdrive at his request.  (*See* doc. 28-1 at 1.)  The corrected PSR applied U.S.S.G. § 2G2.2(c)(1), which cross-referenced the application of U.S.S.G. § 2G2.1 "if the offense involved causing, transporting, permitting, or offering or seek by notice of advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. . . ." (*Id.* at ¶ 26.)  Based on the cross-reference, the PSR calculated a new base offense level of 32. (*See id.*)  Six levels were added for the specific offense characteristics and three levels were deducted for acceptance of responsibility, for a corrected total offense level of 35.  (*See id.* at 2, ¶¶ 27-29, 35-37.)  Based on a criminal history category of one and an offense level of 35, the resulting guideline range was 168-210 months' imprisonment.  (*See id.* at ¶ 74.)  Because 120 months was the statutory maximum for the offense, it became the guideline sentence.  (*See id.*)

The USPO submitted a second addendum to the PSR on September 17, 2015, that included supplemental information regarding the offense conduct obtained after the USPO interviewed the minor victim.  (*See* doc. 35-1.)  On November 25, 2015, Movant objected to the cross-reference to, and application of, U.S.S.G. § 2G2.1, arguing that the forensic evidence and interviews with the minor victim indicated that her memory of her age at the time of the events at issue and her production of the pornographic material was inaccurate or wrong.  (*See* doc. 38 at 1, 6.)  The Government filed a response "agree[ing] with the factual rendition in the defense's objection."

4

(*See* doc. 39.)  The USPO issued a third addendum to the PSR on January 5, 2016, in which it rejected Movant's challenge to the application of the cross-reference.  (*See* doc. 40-1 at 1.)  The USPO agreed with Movant's challenge to the minor victim's age at the time of the offense, however, and revised the base offense level to 32; it then added four levels based on the specific offense characteristics and deducted three levels for acceptance of responsibility, for a total offense level of 33.  (*See id.* at 2-3, ¶¶ 26-29, 35-37.)  The resulting guideline range was 135-168 months' imprisonment, but because it exceeded the statutory maximum of 120 months' imprisonment, the statutorily authorized maximum remained the guideline sentence.  (*See id.* at 3, ¶ 74.)

At the sentencing hearing on January 22, 2016, Movant testified under oath that he had sufficient time to read and discuss the PSR and other sentencing materials with his attorney.  (*See* doc. 52. at 3.)  The Court overruled his objection to the application of the cross-reference, accepted the PSR and its addenda, and in a judgment dated January 25, 2016, sentenced Movant to the statutory maximum of 120 months' imprisonment on the single count of the superseding information, to be followed by a life term of supervised release.  (*See id.* at 4-16; docs. 47, 48.)  On direct appeal, appellate counsel filed a brief under *Anders v. California*, 386 U.S. 736 (1967), and the appeal was dismissed on October 18, 2016.  *United States v. Kelley*, 669 F. App'x 744 (5th Cir. 2016).  Movant did not file a petition for a writ of certiorari with the Supreme Court.

**B.**    **Substantive Claims**

Movant's § 2255 motion states the following grounds for relief:

(1) Conviction obtained by plea of guilty which was not made voluntarily but rather involuntarily based on ineffective assistance of counsel (because counsel failed to make him aware of the application of the production cross-reference);

(2) Denial of effective assistance of counsel (because counsel underrepresented the applicable sentencing guidelines and did not investigate the evidence that led the USPO to recommend application of the production cross-reference);

(3) Involuntary waiver of right to appeal based on ineffective assistance of counsel (because counsel underrepresented the applicable sentencing guidelines and did not make him aware of the application of the production cross-reference);

(4) Ineffective assistance of trial counsel for failure to advise Movant of ability to withdraw plea before sentencing;

(5) Ineffective assistance of counsel at sentencing to not present rebuttal evidence relating to the cross-reference application.

(No. 3:18-CV-97-B-BH, doc. 1 at 4-9; doc. 1-1 at 2.) On March 26, 2018, the Government filed a response. (*See id.*, doc. 7.) Movant filed a reply on April 23, 2018. (*See id.*, doc. 8.)

## II.    SCOPE OF RELIEF UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also

waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III.    INEFFECTIVE ASSISTANCE OF COUNSEL

In his second, third and fourth grounds for relief, Movant claims that he received ineffective assistance of counsel.[4]

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on "whether counsel's

---

[4]Because resolution of some of the ineffective assistance claims may impact resolution of the remaining claims, they are considered first.

deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

## A.    **Sentencing Exposure**

In his second ground, Movant claims that counsel was ineffective when he misrepresented and miscalculated Movant's sentence exposure, i.e., the possible application of the production cross-reference in U.S.S.G. § 2G2.2(c) and a "likely" supervised release term for the duration of his natural life, the effect of the plea agreement, and the consequences of pleading guilty. (*See* No. 3:18-CV-97-D-BH, doc. 1 at 4-5; doc. 2 at 17-24.) He claims that counsel informed him that his sentencing guidelines range would be 33-41 months' imprisonment if he pled guilty. (*See id.*, doc. 2 at 17; doc. 2-1 at 7-9.) He alleges that when he accepted the plea agreement and pled guilty, he "fully understood that [he] was accepting a plea deal in which [he] would receive a sentence in the range of 33-41 months and 5 years supervised release." (*Id.*, doc.2-1at 12) He claims he "never would have accepted a plea in which [he had] absolutely no recourse through appeal if [he] knew the government even had the possibility of using a guidelines range for an offense [he] did not commit nor was ever even charged with. [He] also would have rejected any plea deal that included lifetime supervision." (*Id.*; *see also id.*, doc. 2-1 at 13.)

"'[T]he negotiation of a plea bargain is a critical phase of litigation for the purposes of the Sixth Amendment right to effective assistance of counsel.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010)). "'When considering whether to plead guilty or proceed to trial, a defendant should be aware of the relevant

circumstances and the likely consequences of his decision so that he can make an intelligent choice.'" *Id.* (quoting *United States v. Rivas-Lopez*, 678 F.3d 353, 356-57 (5th Cir. 2012)).

> Failing to properly advise the defendant of the maximum sentence that he could receive falls below the objective standard required by *Strickland*. When the defendant lacks a full understanding of the risks of going to trial, he is unable to make an intelligent choice of whether to accept a plea or take his chances in court. By grossly underestimating [the defendant's] sentencing exposure . . . , [counsel] breache[s] his duty as a defense lawyer in a criminal case to advise his client fully on whether a particular plea to a charge appears desirable.

*United States v. Grammas*, 376 F.3d 433, 436-37 (5th Cir. 2004) (citations and internal quotation marks omitted). A significant miscalculation between counsel's erroneous sentence estimate and the actual sentencing range can constitute deficient performance. *See id.* at 437 (finding that counsel was deficient for advising his client that he faced only 6 to 12 months' imprisonment if convicted based on his misunderstanding of the guidelines, when he actually faced a range of 70 to 87 months); *United States v. Herrera*, 412 F.3d 577, 581 (5th Cir. 2005) (stating that "[a]n attorney who underestimates his client's sentencing exposure by 27 months performs deficiently because he does not provide his client with the information needed to make an informed decision about accepting a plea offer or going to trial[,]" and remanding for determination of whether alleged misrepresentation was actually made).

Assuming for purposes of this motion only that, as Movant alleges, counsel rendered deficient performance by telling him that his sentencing guideline range would be 33-41 months' imprisonment with five years of supervised release if he pled guilty, deficient performance alone is insufficient to establish relief under § 2255. *Strickland* also requires a showing of resulting prejudice. When a movant

> adduce[s] no proof that he was promised or assured of a specific sentence, but, rather, that counsel gave him his "best estimate" of what sentence might be given if he pled guilty . . . [and when] [t]he plea agreement and the record of the change of plea hearing are replete with references to the fact that the District Court would

make the determinations with respect to his sentence under the sentencing guidelines, that the District Court could decline to follow recommendations, and that no promises had been made with respect to the sentence that the District Court would impose[,]

the district court properly denies relief for lack of prejudice. *United States v. Ritter*, 93 F. App'x 402, 404-05 (3d Cir. 2004); *see also United States v. Mackay*, Nos. 3:97CR0208T(01), 3:04-CV-0413-D, 2007 WL 700895, at \*26-27 (N.D. Tex. Mar. 6, 2007); *Gray v. United States*, Nos. EP-18-CV-93-PRM, EP-13-CR-1832-PRM-4, 2019 WL 3306012, at \*4 (W.D. Tex. July 23, 2019) (finding that the movant could not establish prejudice from his counsel's alleged underestimation of his sentencing exposure where "the Court ensured that Movant understood his maximum possible sentence"); *United States v. Collins*, Nos. 3:06-cr-43-WHB, 3:08-cv-606-WHB, 2009 WL 910842, at \*6 (S.D. Miss. Apr. 1, 2009) (finding the movant failed to establish prejudice for counsel's failure to warn him about potential enhancements under the sentencing guidelines where the Court properly advised movant of statutory maximum term of imprisonment).

Here, Movant was advised both through the plea agreement and by the Court in person that by pleading guilty, he was subjecting himself to a statutory maximum period of imprisonment of ten years and a mandatory period of supervised release of no less than five years and up to the duration of his life.  (*See* doc. 15 at 2; doc. 53 at 14-15.)  He swore in open court that no specific prediction or promise had been  made to him about what his sentence would be, that he understood counsel's professional opinion about what the advisory guideline range might be was not a guarantee or promise, and that he understood the Court alone would determine his sentence and could impose a sentence more severe than the applicable guideline range.[5]  (*See* doc. 53 at 15-18.)

---

[5] The Fifth Circuit has recognized a limited circumstance in which a movant may seek habeas relief on the basis that his attorney made alleged promises to him, even though inconsistent with representations he made in court when entering his plea. A movant is entitled to an evidentiary hearing if he presents evidence of: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise."  *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir.1998) (citing *Harmason v.*

Accordingly, regardless of what his counsel told him about his sentencing exposure, Movant cannot show prejudice under *Strickland* because his plea documents and responses under oath to the Court's questioning show that he was clearly informed about and understood his sentencing exposure when he pled guilty under the plea agreement. He is therefore not entitled to § 2255 relief on this claim and it should be denied.

## B.    Failure to Investigate

In his second ground for relief, Movant also claims that his counsel "did not do due diligence in investigating the evidence that would have allowed Probation to recommend the production cross reference application." (No. 3:18-CV-97-D-BH, doc. 1 at 5.)

Counsel has a duty to investigate the charges and evidence against his client. *Strickland*, 466 U.S. at 690-91. "[C]ounsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case." *Id.* at 690. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial," however. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *see also United States v. Glinsey*, 209 F.3d 386, 393 (5th Cir. 2000) (stating, in context of direct appeal that, "[t]o establish his failure to investigate claim, [the movant] must allege with specificity what the investigation would have revealed and how it would have benefitted him."). "[T]here is no presumption of

---

*Smith,* 888 F.2d 1527, 1529 (5th Cir.1989)). A movant must produce independent indicia of the merit of the allegations of alleged promises, typically by way of affidavits from reliable third parties. *Id.* However, when the movant's "showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in light of other evidence in the record," the Court may dispense with his allegations without an evidentiary hearing. *Id.* Here, Movant has not provided evidence of specifically where and when counsel made the promise that allegedly caused him to plead guilty, or identified any eyewitness to the promise. Nor has he provided any independent indicia of the merit of any alleged promise. In addition, he concedes in his reply that counsel "did not make a promise that that specific sentence would be rendered." (*See* No. 3:18-CV-97-D-BH, doc. 8 at 3.) Accordingly, to the extent Movant argues that counsel promised he would receive a specific sentence, he has not demonstrated he is entitled to an evidentiary hearing, or to relief on this basis under § 2255.

prejudice based on a failure to investigate." *Gonzalez v. United States*, Civ. A. No. 5:19-CV-145, Crim. A. No. 5:15-CR-1112-01, 2020 WL 1893552, at *3 (S.D. Tex. Jan. 24, 2020) (citing *Woodard v. Collins*, 898 F.2d 1027, 1029 (5th Cir. 1990)).

Aside from mentioning an alleged failure to investigate in his motion, Movant does not address this argument in his memorandum in support or reply. Because he has failed to explain what investigation his counsel could have conducted or what evidence any such investigation would have revealed, he has not shown that his counsel's performance was deficient. Even if he had, he has not established prejudice as a result. Regardless of his counsel's investigation and advice relating to the USPO's recommended application of the cross-reference, Movant was informed through both his plea documents and his plea colloquy with the Court about the maximum sentence exposure to which he was subject by pleading guilty, as discussed above. He confirmed his understanding of his maximum sentencing exposure in both instances and proceeded to accept the plea agreement and plead guilty. Movant has failed to satisfy both *Strickland* prongs and relief on this ground should be denied.

## C.    <u>Withdrawal of Guilty Plea</u>

In his fourth ground, Movant argues that his counsel was ineffective for failing to advise him that he could withdraw his guilty plea prior to sentencing. (*See* No. 3:18-CV-97-D-BH, doc. 1 at 8; doc. 2 at 25-27.)

As a threshold matter, Movant claims that it is "unclear, at best, whether the judge accepted the plea agreement at the rearraignment hearing," and he appears to contend that he had the absolute right to withdraw his guilty plea after his rearraignment hearing. (*Id.*, doc. 2 at 26; *see also id.*, doc. 8 at 5.) The Court expressly stated at the rearraignment hearing that it would "defer accepting or rejecting the plea agreement until it has had an opportunity to read and consider the

presentence report." (doc. 53 at 19.)  It also expressly stated that Movant's "plea is . . . accepted

and it is ordered and adjudged that [Movant] is guilty. . . ." *(Id.* at 23.)  The record is clear that

Movant's guilty plea was accepted at the rearraignment hearing. (*See id.* at 19, 23.)

The Fifth Circuit has held that a defendant does not have a right to withdraw his guilty plea

for any reason or no reason at all once the district court accepts the guilty plea, but defers

acceptance of the plea agreement pending consideration of the PSR. *See United States v. Harrison*,

777 F.3d 227, 231 (5th Cir. 2015).  Therefore, to the extent Movant argues he had the absolute

right to withdraw his guilty plea after his rearraignment, his argument is without merit.  Instead,

he could withdraw his plea prior to sentencing only if he "show[ed] a fair and just reason for

requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2).  Seven factors are relevant to this inquiry:

> whether (1) the defendant asserted his innocence, (2) withdrawal would cause the
> government to suffer prejudice, (3) the defendant delayed in filing the motion, (4)
> withdrawal would substantially inconvenience the court, (5) close assistance of
> counsel was available, (6) the original plea was knowing and voluntary, and (7)
> withdrawal would waste judicial resources.

*United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003) (citing *United States v. Carr*, 740 F.2d

339, 343-44 (5th Cir. 1984)).

Movant argues that his "motion to withdraw his plea would have been based on acts and

omissions of [counsel] as to his sentence exposure.  [Counsel] grossly mischaracterized the likely

outcome and rendered deficient performance in advising [Movant] regarding the entry of a guilty

plea.  As soon as [counsel] received the PSR addenda, he should have advised [Movant] that he

could file a motion to withdraw his plea." (No. 3:18-CV-97-D-BH, doc. 2 at 26.)  As discussed,

even assuming deficient performance by counsel regarding Movant's sentence exposure, the

record shows that he was admonished by the Court about his maximum sentence exposure for the

offense of conviction and the constitutional rights he was giving up prior to pleading guilty.  He

expressed understanding of and agreement with these admonishments and expressed no qualms at his rearraignment or sentencing hearings regarding his sentence exposure or his guilty plea.  Based on this record, Movant has not shown that he had a "fair and just reason" to request withdrawal of his guilty plea.  Fed. R. Crim. P. 11(d)(2).  His counsel therefore did not render deficient representation by failing to advise him that he could move to withdraw his guilty plea prior to sentencing.  *See, e.g.*, *Ramirez-Ibanez v. United States*, Nos. 4:17cv551, 4:13cr288(1), 2020 WL 5891535, at *4-5 (E.D. Tex. Oct. 5, 2020) (finding that the movant failed to show deficient performance of counsel where the movant did not apply *Carr* factors to case and had no legitimate basis to withdraw guilty plea); *United States v. Childs*, Nos. 3:10-CR-0075-O, 3:12-CV-1405-O-BD, 2012 WL 7801603, at *4 (N.D. Tex. Nov. 19, 2012) (finding that counsel did not render deficient performance by failing to move for withdrawal of guilty plea prior to sentencing when there was no legitimate basis for request); *Bazemore v. United States*, Nos. 3:10-CV-0027-K, 3:07-CR-312-K(01), 2010 WL 4860783, at *5 (N.D. Tex. Nov. 29, 2010) (finding that counsel was not deficient for refusing to file a meritless motion to withdraw guilty plea).

Movant has also failed to show resulting prejudice under *Strickland* because he has not demonstrated a reasonable probability that the Court would have allowed him to withdraw his plea given the record of his guilt of the offense of conviction, as well as his testimony and lack of objection at both his rearraignment and sentencing hearings.[6]  *See Ramirez-Ibanez*, 2020 WL 5891535, at *5; *Strickland*, 466 U.S. at 694.  Because Movant's claim of ineffective assistance of counsel on this ground fails under both prongs of the *Strickland* standard, he is not entitled to

---

[6] Considering the *Carr* factors, which he did not address, Movant has not asserted his innocence to the offense of possession of child pornography and admits in his motion that he committed this offense.  (*See* No. 3:18-CV-97-D-BH, doc. 2-1 at 7.)  Additionally, the close assistance of counsel was available to him at all stages of the proceedings, and as discussed in subsection IV.A, *infra*, his original guilty plea was knowing and voluntary.  These factors further weigh against finding any reasonable probability that the Court would have allowed him to withdraw his guilty plea before sentencing.

habeas relief on this claim, and it should be denied.

**D.**     **Failure to Present Evidence at Sentencing**

In his fifth ground, Movant argues that his counsel was ineffective for failing to present rebuttal evidence at his sentencing hearing regarding the PSR's application of the cross-reference to, and application of, U.S.S.G. § 2G2.1.  (*See* No. 3:18-CV-97-D-BH, doc. 1 at 9; doc. 1-1 at 2; doc. 2 at 27-29.)

A PSR generally "bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations."  *United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010) (citation and internal quotation marks omitted).  While "a district court must resolve disputed issues of fact if it intends to use those facts as a basis for sentencing, the court can adopt facts contained in a PSR without inquiry, if those facts ha[ve] an adequate evidentiary basis and the defendant does not present rebuttal evidence."  *United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999) (quoting *United States v. Puig-Infante*, 19 F.3d 929, 943 (5th Cir. 1994)).  Further, "[a] defendant's rebuttal evidence must demonstrate that the information contained in the PSR is 'materially untrue, inaccurate, or unreliable,' and '[m]ere objections do not suffice as competent rebuttal evidence.'"  *Id.* (quoting *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998)).

Here, Movant argues that counsel failed to: (1) enter any evidence of "the Facebook messages, emails, or Exif data" he discussed in his oral objections at the sentencing hearing; and (2) make conversations between him and the Government known to the Court, either through oral or written objections, regarding the Government's agreement with Movant that the minor victim's claim that she produced pornographic material at the request of Movant was not corroborated. (No. 3:-18-CV-97-D-BH, doc. 2 at 28-29.)   The electronic evidence that Movant's counsel discussed in his objections to the cross-reference at the sentencing hearing, however, was filed by

counsel in written objections to the PSR, specifically to challenge the reliability of the minor victim's statements supporting the application of the cross-reference. (*See* docs. 38, 38-1–38-5; doc. 52 at 13.) Regarding the Government's agreement with the facts alleged by Movant's counsel in his objection to the application of the cross-reference, the Government filed a statement of its agreement with the factual rendition of counsel's objection on November 30, 2015; the third addendum to the PSR acknowledged the Government's agreement with Movant, and at the sentencing hearing, Movant's counsel brought to the Court's attention an email exchange between him and the Government's counsel to support his sentencing objections. (*See* docs. 38-39, 40-1; doc. 52 at 2, 17.) The Court confirmed receipt of these written materials at the sentencing hearing and considered the evidence in determining Movant's sentence. (*See* doc. 52 at 2, 14-15.)

Movant generally argues that counsel failed to "present any additional information to the Court at sentencing" even though he "had a plethora of messages" to prove his objections to the application of the cross-reference. (No. 3:18-CV-97-D-BH, doc. 8 at 8.) He also generally claims that the Government has not shown that the email exchange produced by counsel between him and the Government was the same as the one included in his filing. (*See id.* at 9.) Movant has the burden to allege and prove facts entitling him to relief under § 2255, however. *See Coon v. United States*, 441 F.2d 279, 280 (5th Cir. 1971) ("A movant in a collateral attack upon a judgment has the burden to allege and prove facts which would entitle him to relief."). Aside from his conclusory statements, Movant has not identified any rebuttal evidence to the application of the cross-reference that was not brought to the Court's attention or available to it prior to sentencing.

Even if counsel's performance had been deficient, Movant has not shown prejudice. To show prejudice in the sentencing context, a movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh.

*See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice."). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *See Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Moreover, conclusory allegations are insufficient to obtain relief. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding"). The Court considered the evidence submitted by counsel prior to sentencing and nevertheless concluded that the cross-reference was supported by a preponderance of the evidence. (*See* doc. 52 at 2, 14-15.) Movant has not demonstrated a reasonable probability that his sentence would have been lower but for the alleged deficiency of counsel.

Accordingly, Movant has not shown that he is entitled to § 2255 relief under either of the *Strickland* prongs and this claim should be denied.

## IV.    INVOLUNTARINESS

Movant contends that his guilty plea and appellate waiver were involuntary due to the ineffective assistance of counsel. (*See* No. 3:18-CV-97-D-BH, doc. 1 at 4, 7; doc. 2 at 17-25.)

### A.    Guilty Plea

Movant claims that as a result of counsel's "incorrect and misleading advice," he did not fully understand the consequences of his plea. (*Id.*, doc. 2 at 17; *see also id.*, doc. 1 at 4.)

A plea of guilty waives a number of constitutional rights. *United States v. Ruiz*, 536 U.S. 622, 628 (2002); *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). Consequently, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary'

and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'" *Ruiz*, 536 U.S. at 629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *accord Bousley v. United States*, 523 U.S. 614, 618 (1998) (a plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent'") (quoting *Brady*, 397 U.S. at 748). A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). In determining whether a plea is intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991).

"*Boykin* requires that defendants have a hearing prior to entry of the plea, at which there needs to be an affirmative showing that the decision to plead guilty was voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 367 n.22 (5th Cir. 2000). "Rule 11 of the Federal Rules of Criminal Procedure requires a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." *United States v. Vonn*, 535 U.S. 55, 62 (2002). "The very premise of the required Rule 11 colloquy is that, even if counsel is present, the defendant may not adequately understand the rights set forth in the Rule unless the judge explains them." *Id.* at 78 (Stevens, J., concurring). A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however. The court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea. *See United States v. Gracia*, 983

F.2d 625, 627-28 (5th Cir. 1993) (recognizing that one of the core concerns behind Rule 11 is "a realistic understanding of the consequences of a guilty plea").   Compliance with the admonishments required under Rule 11 provides "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *Id.* at 627.

"The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fisher v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady*, 397 U.S. at 749).  Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *Gracia*, 983 F.2d at 627-28.  A realistic understanding of the consequences of a guilty plea means that the defendant knows "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 417 (5th Cir. 2002).  "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (en banc), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

Accepting for purposes of this motion only that counsel misrepresented or miscalculated Movant's sentencing exposure, "an erroneous estimate by counsel as to the length of sentence" does not necessarily render a guilty plea involuntary.  *See Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002) ("a guilty plea is not rendered involuntary because the defendant's misunderstanding [of the sentence] was based on defense counsel's inaccurate *prediction* that a lesser sentence would be imposed.") (emphasis in original), *overruled on other grounds by Glover*, 531 U.S. 198; *Johnson v. Massey*, 516 F.2d 1001, 1002 (5th Cir. 1975) (holding that an attorney's

19

"good faith but erroneous prediction of a sentence . . . does not render the guilty plea involuntary."); *accord United States v. Stumpf*, 827 F.2d 1027, 1030 (5th Cir. 1987) ("a defendant's reliance on his attorney's erroneous prediction of leniency is not sufficient to render a guilty plea involuntary.").

As discussed, Movant's plea documents, the Court's questioning at his rearraignment hearing, and Movant's responses under oath demonstrate that he knew at the time he pled guilty that he was subject to a maximum sentence of ten years' imprisonment and a life term of supervised release, and that there were no promises or predictions made to him about the length of the sentence he would receive. (*See* doc. 15 at 2; doc. 53 at 14-18). With this knowledge, Movant still persisted with his guilty plea.

"That movant 'neither refused to enter his plea nor voiced any objection when confronted with this information precludes him from arguing that he pled guilty in reliance upon some alternative characterization of his exposure given to him by his counsel.'" *Lopez v. United States*, Nos. 3:06-CV-2342-N, 3:04-CR-0043-N (01), 2008 WL 3381759, at *6 (N.D. Tex. Aug. 5, 2008) (quoting *United States v. Bjorkman*, 270 F.3d 482, 503 (7th Cir. 2001)). Inmates who challenge their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). They must also overcome the presumption of regularity and "great weight" accorded court records. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity").

Movant has failed to overcome the presumption of veracity given to his sworn statements in open court, and the presumption of affording great evidentiary weight to court records. *See Blackledge*, 431 U.S. at 73-74. As discussed, the plea documents and his sworn statements in open court, including his testimony about the maximum penalties to which he would be exposed, the absence of any promise or guarantee about his sentence, and the exclusive role of the Court in determining his sentence, contradict his claim that his plea was involuntary because he expected to be sentenced to 33-41 months of imprisonment and five years of supervised release based on his counsel's alleged misrepresentations or miscalculations. *See id.* Movant has not shown that his guilty plea was involuntary or that he was unaware of the consequences of his guilty plea. Nor has he shown a reasonable probability that he would have rejected the plea agreement and insisted on proceeding to trial in the absence of the alleged deficiencies of counsel.[7]

## B.    Waiver of Appeal

Movant's third ground for relief challenges his waiver of appeal. (*See* No. 3:18-CV-97-D-BH, doc. 1 at 5, 7.)

For an appellate waiver to be knowing and voluntary, the defendant must know that he had, and was giving up, the right to appeal his sentence, and the defendant must understand the consequences of the waiver. *United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011). "If the district court accurately explains the terms and consequences of the waiver of appeal and the defendant states on the record that he understands them, the defendant's later contention that he did not really understand will not invalidate the waiver." *Id.*

---

[7] Although Movant claims his sentence could have been no worse had he proceeded to trial, he ignores the loss of his deductions for acceptance of responsibility, and any additional sentencing exposure he might have faced if the Government had elected to pursue additional charges against him and/or continued its investigation of him in anticipation of trial and he was convicted. (*See* No. 3:18-CV-97-D-BH, doc. 2-1 at 12-13.)

Here, Movant's plea documents and responses under oath to the Court's questioning show that he knew and understood that his guilty plea limited his appellate rights. The waiver provision of the plea agreement explicitly and unambiguously waived his right to directly appeal or collaterally challenge his conviction and sentence except in limited circumstances. (*See* doc. 15 at 5.) In addition, Movant's sworn testimony during rearraignment clearly shows that he was informed of and agreed to such waiver. (*See* doc. 53 at 18.) He indicated his desire to waive his appeal as limited by the plea agreement and specifically indicated no lack of understanding about the agreement. (*See id.*) The totality of the circumstances shows that, at the time of the rearraignment proceedings and the entry of his plea, Movant understood that he was waiving his appellate rights as set forth in the plea agreement. He entered such plea with sufficient knowledge regarding the waiver of his appellate rights, including his right to present claims in a collateral attack under § 2255. He has not shown that his appellate waiver was involuntary based on alleged ineffective assistance of counsel, and his claim on this ground should therefore be denied

## V.    EVIDENTIARY HEARING

Movant requests an evidentiary hearing before this Court to resolve the factual disputes of his § 2255 motion. (*See* 3:18-CV-97-D-BH, doc. 2 at 30.) No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *Reed*, 719 F.3d at 373 (5th Cir. 2013) (citation omitted); *see Cervantes,* 132 F.3d at 1110 (noting that "[i]f the defendant produces independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from reliable third parties, she is entitled to an evidentiary hearing the issue.").

22

Here, Movant has produced his own affidavit in support of his § 2255 motion, which may constitute competent evidence sufficient, if believed, to establish that his counsel's performance was deficient regarding Movant's sentence exposure.  *See Reed*, 719 F.3d at 374 (concluding that the defendant's affidavit constituted competent evidence sufficient, if believed, to establish that counsel had made a prediction to him about his sentence if he accepted a plea).  *See Reed*, 719 F.3d at 393.  A court should not, however, "upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies.  Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017).  The contemporaneous record evidence conclusively shows that Movant has failed to demonstrate the existence of a factual dispute that creates a genuine issue under *Strickland* for the reasons discussed above.  Movant has therefore failed to demonstrate he is entitled to an evidentiary hearing, and his request should be denied.

## VI.    RECOMMENDATION

The movant's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on January 16, 2018 (doc. 1), should be **DENIED** with prejudice.

**SIGNED this 23rd day of December, 2020.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

23

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE